IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ALEXANDER LOPEZ**, | Case No. 3:22-cv-00902-IM |
| Plaintiff, | **OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, ECF 22, AND GRANTING DEFENDANT FREUD AMERICA'S MOTION FOR SUMMARY JUDGMENT, ECF 23** |
| v. | |
| **FREUD AMERICA, INC.**, A North Carolina Corporation, and **WILLIAM F. BRAY**, | |
| Defendants. | |

Jennelle D. Gonzales, Jennelle D. Gonzales Injury Law Offices, 11112 NE Halsey St., Suite C, Portland, OR 97220. Attorney for Plaintiff.

Ryan J. McLellan, Sean K. Conner & Alex D. Robertson, Smith Freed Eberhard, 111 SW Columbia St., Suite 800, Portland, OR 97201. Attorneys for Defendants Freud America and William Bray.

Paul A.C. Berg & Kyle R. Rohrer, Cosgrave Vergeer Kester, LLP, 900 SW Fifth Avenue, 24th Floor, Portland, OR 97204. Attorneys for Defendant William Bray.

PAGE 1 – OPINION AND ORDER GRANTING DEFENDANT FREUD AMERICA'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**IMMERGUT, District Judge.**

This action arises from a motor vehicle collision on May 15, 2020 between Plaintiff Alexander Lopez and Defendant William Bray. Plaintiff filed a Complaint asserting negligence under Oregon common law against Bray and his employer, Defendant Freud America, Inc (collectively, "Defendants"). Complaint ("Compl."), ECF 1 ¶¶ 11–18. Plaintiff alleges that Bray caused the May 15, 2020 accident by negligently operating his vehicle in several ways. *Id.* ¶¶ 8– 9, 11–13. Plaintiff also alleges that Freud America is vicariously liable for Bray's negligence as the Company's agent and employee. *Id.* ¶¶ 10, 14–18. In his Complaint, Plaintiff requests several categories of damages stemming from the accident, including lost earning capacity due to his injuries. *Id.* ¶¶ 20–24.

Before this Court are two Motions for Summary Judgment filed by Defendants. First, Defendants William Bray and Freud America jointly move for partial summary judgment on Plaintiff's claim for lost earning capacity. Defendants' Motion for Partial Summary Judgment ("Defs.' MPSJ"), ECF 22. Second, Defendant Freud America moves for summary judgment on Plaintiff's claim asserting vicarious liability against the Freud America. Freud America's Motion for Summary Judgment ("Freud America's MSJ"), ECF 23. In response to the latter motion, Plaintiff concedes that there is insufficient evidence to support his negligence claim based on vicarious liability against Freud America. Plaintiff's Response to Defendants' Motion for Partial Summary Judgment ("Resp."), ECF 27 at 2.

For the reasons below, this Court DENIES Defendants' Motion for Partial Summary Judgment, ECF 22. Defendants have not established that Plaintiff's claim for lost earning capacity should be decided as a matter of law. However, because Plaintiff concedes there is

insufficient evidence to support his negligence claim against Bray's employer, this Court

GRANTS Defendant Freud America's Motion for Summary Judgment, ECF 23.

## LEGAL STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute

of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the

evidence in the light most favorable to the non-movant and draw all reasonable inferences in the

non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir.

2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of

legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a

motion for summary judgment," the "mere existence of a scintilla of evidence in support of the

[non-movant's] position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252,

255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for

the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith

Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted).

"Where the non-moving party bears the burden of proof at trial, the moving party need

only prove that there is an absence of evidence to support the non-moving party's case." *In re

Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). The non-moving

party then bears the burden of designating "specific facts demonstrating the existence of genuine

issues for trial." *Id.* (citation omitted). "This burden is not a light one." *Id.* The Supreme Court

has directed that in such a situation, the non-moving party must do more than raise a

"metaphysical doubt" as to the material facts at issue. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

## BACKGROUND

The Parties are familiar with the facts, so they will not be recited at length here. On May 15, 2020, Plaintiff was involved in a head-on motor vehicle collision with another vehicle. Independent Medical Examination by Dr. Nathan Hammel ("Hammel Report"), ECF 27-1, Ex. 1 at 1. Because of the impact, Plaintiff sustained an open right femur fracture. *Id.* After emergency surgery, Plaintiff underwent extensive rehabilitation. *Id.*

At the time of the May 2020 accident, Plaintiff worked as a Lead for ABM Building Management ("ABM"). Alexander Lopez Deposition ("Lopez Depo."), ECF 22-5 at 6–8 (38:8–11; 82:19–83:6). Plaintiff's role involved training new employees to remove garbage, walking around buildings to double-check subordinates' work, and occasionally moving trash and recyclables to cover for other employees. *Id.* at 82:19–83:22.

After several months of rehabilitation, Plaintiff returned to work with ABM on February 8, 2021. *Id.* at 10 (110:2–6). Then, in June 2022, Plaintiff was involved in a separate vehicle collision. Plaintiff rear-ended another vehicle when he could not move his right leg—the same leg broken during the earlier May 2020 accident—to apply the brake in time to stop. Hammel Report, ECF 27-1, Ex. 1 at 1. After this accident, Plaintiff was treated for right leg and right low back/buttock pain. *Id.* During the following month, Plaintiff was terminated by his employer, ABM. *See* Lopez Depo., ECF 22-5 at 4–5 (35:6–36:4). Although the Parties' filings include few facts related to Plaintiff's termination, ABM appears to have terminated Plaintiff based on his application for leave under the Family Medical Leave Act following the June 2022 collision. *See*

*id.*[1] At the time ABM terminated Plaintiff in June 2022, he was responsible for training and overseeing the work of other employees. *Id.* at 1–3 (32:25–34:12). During half of his workday, Plaintiff would drive to the job site to inspect the work of other employees. *Id.* For the other half of the day Plaintiff worked from an office. *Id.*

During discovery Plaintiff engaged two experts. Dr. Nathan Hammel, M.D., an orthopedic surgeon, examined Plaintiff and his treatment records to develop a medical report about the extent of his injuries following the May 2020 accident. Hammel Report, ECF 27-1, Ex. 1. Dr. Patrick Emerson, Ph.D., developed an economic analysis to estimate the amount of Plaintiff's lost earning capacity from the May 2020 car crash. Emerson Economic Damages Assessment, ECF 27-1, Ex. 2 at 2.

## DISCUSSION

Defendants move for summary judgment on Plaintiff's claim for lost earning capacity for two reasons. According to Defendants, (1) the record contains no evidence that the May 2020 accident diminished Plaintiff's capacity to work and (2) Dr. Emerson's calculation of lost earning capacity is unreliable because it fails to "consider any evidence directly applicable to" Plaintiff. Defs.' MPSJ, ECF 22 at 6–9. Plaintiff counters that issues of disputed fact exist as to Plaintiff's claim for lost earning capacity because evidence shows that he experienced a permanent injury from the May 2020 accident. Resp., ECF 27 at 5–7. Plaintiff also argues that Dr. Emerson's report need not reference all relevant portions of the record to be admissible. *Id.*

---

[1] Any legal issues associated with non-party ABM's decision to terminate Plaintiff are not relevant to Defendants' Motions.

PAGE 5 – OPINION AND ORDER GRANTING DEFENDANT FREUD AMERICA'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

at 8–10. This Court agrees with Plaintiff and denies Defendants' Motion for Partial Summary

Judgment, ECF 22.

**A.  There Are Disputed Issues of Material Fact as to Whether Plaintiff Suffered Lost Earning Capacity From the May 2020 Accident**

Defendants argue that summary judgment is appropriate on Plaintiff's claim for lost

earning capacity because there is no evidence Plaintiff experienced a permanent injury that

impacted his ability to work. Defs.' MPSJ, ECF 22 at 6–7; Defendants' Reply ("Reply"), ECF 29

at 4–8, 11. However, with regard to this claim, there are genuine issues of material fact that must

be resolved at trial.

Under Oregon law, "as a general rule, evidence that plaintiff sustained a permanent injury

is sufficient to entitle him to an instruction on impairment of future earning capacity." *DeVaux v.*

*Presby*, 136 Or. App. 456, 465 (1995) (quoting *Tavenner v. Figini*, 273 Or. 415, 417 (1975) (en

banc)). But that presumption can be rebutted if the permanent injury does not "interfere with

[the] individual's working capacity or impair his earning power." *Creel v. Shadley*, 266 Or. 494,

500 (1973) (en banc).

Defendants claim that Dr. Hammel's medical opinion does not establish a disputed issue

of material fact on lost earning capacity because it does not describe how Plaintiff's injuries limit

his ability to work. Reply, ECF 29 at 5–6. In doing so, they attempt to distinguish two cases

where Oregon courts found the evidence of lost-earning capacity sufficient to warrant a jury

instruction on that claim. *Id.* (first citing *Tavenner*, 273 Or. at 417; and then citing *Holder v.*

*Petty*, 267 Or. 94, 99–101 (1973)). Far from supporting Defendants' contentions, however, both

*Tavenner* and *Holder* confirm that Dr. Hammel's report establishes a disputed issue of material

fact that must be resolved by a jury.

In *Tavenner*, the plaintiff was a commercial fisherman who hurt his knee. 273 Or. at 416. The evidence showed that the plaintiff's injured knee caused him pain, made it difficult for plaintiff to kneel while working, and would wear out faster than his healthy knee. *Id.* at 417. The plaintiff's surgeon testified that this knee injury would be permanent. *Id.* In *Holder*, the plaintiff was a six-year-old boy who suffered a permanent back injury, 267 Or. at 98. At trial, he presented medical expert testimony evidencing that his injury would make it difficult for him to perform heavy work and strenuous physical activity, thus limiting his range of future employment opportunities. *Id.* at 100–01.

Like the medical expert testimony in *Tavenner* and *Holder*, Dr. Hammel's report provides ample explanation on how Plaintiff's permanent injury has limited his work capabilities: Plaintiff now experiences weakness and a reduced range of motion in his right leg; his right leg is limited for work and daily activities; he has trouble walking, standing, climbing hills, and taking stairs; and Plaintiff cannot run. Hammel Report, ECF 27-1, Ex. 1 at 12. Consistent with *Holder*, Dr. Hammel concludes his report by stating that Plaintiff's "future employability is limited given his physical limitations." *Id.* Furthermore, as in *Tavenner*, Plaintiff's alleged knee injury would clearly interfere with his prior line of work, which involved training employees on how to remove garbage and recycling and spending a significant portion of the workday walking around job sites to inspect the work of subordinates.[2]

---

[2] Defendants also attempt to analogize the facts here to those in *Creel*. Reply, ECF 29 at 6. But *Creel* is inapposite to this case. *Creel* concerned a timber faller who had two partial dental plates implanted in his mouth to replace lost teeth. 266 Or. at 496, 500. The Oregon Supreme Court held that his difficulty speaking and the pain in his mouth would not affect his earning capacity as a timber faller. *Id.* at 500. *See Tavenner*, 273 Or. at 417 (explaining that *Creel* was an "exception" to the "general rule" where "the loss of some teeth, replaced by partial plates, did not interfere with plaintiff's earning capacity in the work in which he was engaged.").

In sum, a reasonable jury could find that Plaintiff's permanent limitations have diminished his capacity to work, and consequently, Defendants have not shown that Plaintiff's claim for lost earning capacity should be decided as a matter of law.

## B. Dr. Emerson's report

Next, Defendants argue that Dr. Emerson's report should be excluded for two reasons, but neither argument persuades this Court. First, they claim that Dr. Emerson's report is unreliable because it does not cite a basis for finding that Plaintiff's working capacity was diminished by the May 2020 accident. Reply, ECF 29 at 9–10. But, as discussed above, evidence in the record shows that Plaintiff was permanently injured by the May 2020 accident and there is a dispute of material fact as to whether the accident decreased Plaintiff's future earning capacity. *See supra* at 6–7. Dr. Emerson's report reasonably attempts to estimate this reduction in Plaintiff's earning capacity, and it is therefore admissible. *See Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (explaining that for expert evidence to be admissible there need only be "a link between the expert's testimony and the matter to be proved" and that "[t]he chain necessary to prevail on a claim may be weakened by the absence of other evidence or testimony, but that does not undermine the admissibility of [expert testimony]" (citation and internal quotation marks omitted)).

Second, Defendants assert that Dr. Emerson's report should be excluded because he made several factual errors in his report and did not consider relevant evidence from the record. Defs.'

---

Here, by contrast, Plaintiff used his right leg for his line of work, and he has presented expert testimony that he has suffered a permanent injury to his right leg.

PAGE 8 – OPINION AND ORDER GRANTING DEFENDANT FREUD AMERICA'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

MPSJ, ECF 22 at 7–11; Reply, ECF 29 at 8–10. But Defendants fail to show that Dr. Emerson's report must be excluded on this basis.

"The court's role is to determine the scientific validity of an expert's principles and methodology not to determine whether their hypothesis is correct, or to evaluate whether it is corroborated by other evidence on the record." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1026 (9th Cir. 2022) (citation and internal quotation marks omitted). Here, Defendants do not challenge Dr. Emerson's methodology, principles, nor qualifications as an economist. *See generally* Defs.' MPSJ, ECF 22; Reply, ECF 29. Instead, they challenge Dr. Emerson's conclusion and his discussion of the record. But these purported deficiencies go to the weight of Dr. Emerson's report, not its admissibility. *See Butler v. Home Depot, Inc.*, 984 F. Supp. 1257, 1260–61 (N.D. Cal. 1997) (holding that an expert report was admissible despite that the expert had not read all of the depositions related to her opinion and had relied on plaintiff's counsel to provide her with relevant materials). "[T]he appropriate way to discredit [an expert's] theory [is] through competing evidence and incisive cross-examination." *Murray v. S. Route Mar. SA*, 870 F.3d 915, 925 (9th Cir. 2017) (citation omitted); *see also Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("Shaky but admissible [expert] evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." (footnote omitted)). Accordingly, this Court declines to exclude Dr. Emerson's report from trial.

///

///

///

## CONCLUSION

This Court DENIES Defendants' Motion for Partial Summary Judgment, ECF 22. This Court GRANTS Defendant Freud America's Motion for Summary Judgment, ECF 23. Plaintiff's claim against Defendant Freud America is DISMISSED with prejudice.

**IT IS SO ORDERED.**

DATED this 20th day of February, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 10 – OPINION AND ORDER GRANTING DEFENDANT FREUD AMERICA'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT